Izabella GAWIN, Plaintiff,

v.

PRINCESS CRUISE LINES LTD., Defendant.

Case No. 09–23059–CIV.

United States District Court, S.D. Florida.

Dec. 29, 2009.

**1262**

Jason Robert Margulies, Michael A. Winkleman, Lipcon Margulies & Alsina, Miami, FL, for Plaintiff.

Jeffrey Bradford Maltzman, Steve Holman, Maltzman Foreman PA, Miami, FL, for Defendant.

## *ORDER ON MOTION TO COMPEL ARBITRATION*

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Compel Arbitration, filed on November 5, 2009. (D.E. 5.) Plaintiff filed a Response on November 25, 2009 (D.E. 10), and Defendant filed a Reply on December 7, 2009 (D.E. 13).

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

Plaintiff filed her Seaman's Complaint within the Meaning of 28 U.S.C. § 1916 on October 10, 2009. (D.E. 1) Plaintiff, a Polish citizen, was injured while employed as a seaman on a vessel operated by Defendant. (D.E. 1) In the Complaint, Plaintiff alleges: Jones Act Negligence (Count I); Unseaworthiness (Count II); Failure to Provide Maintenance and Cure (Count III);ʾ and Failure to Treat (Count IV). (D.E. 1) Defendant moves to compel arbitration pursuant to the "Convention Act"[1] and the arbitration clause of Plaintiffs "Employment Agreement."[2] (D.E. 5.)

The arbitration clause states that "the company and [Gawin] agree that any and all disputes ... in any way arising out of ... services performed for the company ... shall be ... resolved exclusively by binding arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter, "the Convention") ... in Hamilton, Bermuda...." (D.E. 5–2 & 5–3.) Article 14 of the Terms & Conditions also states that any dispute "arising under or in connection with ... [Gawin's] services shall be governed ... by the laws of Bermuda, without regard to the principles of the conflicts of laws." (D.E. 5–2 & 5–3.) Plaintiff does not dispute that her claims fall within the scope of the arbitration clause or that the arbitration clause satisfies the four-part test jurisdictional test of the Convention Act.[3] Instead, Plain-

---

**1.** More specifically, Defendant seeks enforcement pursuant to the United Nations Convention of the Recognition and Enforcement of Foreign Arbitral Awards, opened for signature June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention"), and its implementing legislation, 9 U.S.C. §§ 202–208 (2008) (the "Convention Act").

**2.** Attached to the Motion is the Acceptance of Terms and Conditions (D.E. 5–2), executed by Plaintiff on January 16, 2007, which incorpo-

rates the terms and conditions of the Principal Terms and Conditions of Employment (D.E. 5–3) (collectively, the "Employment Agreement"). Plaintiff does not dispute the that she executed the Employment Agreement. (D.E. 10.)

**3.** "In deciding a motion to compel arbitration under the Convention Act, a court conducts a very limited inquiry." *See Bautista v. Star Cruises,* 396 F.3d 1289, 1294 (11th Cir.2005) (quotations omitted). Unless a one of the

tiff argues that the Motion should be denied because: (1) the arbitration clause is void under the public policy considerations explained by the U.S. Court of Appeals for the Eleventh Circuit in *Thomas v. Carnival Corporation,* 573 F.3d 1113 (11th Cir. 2009), and (2) that the arbitration clause is illusory and unenforceable because Plaintiff cannot afford to perform under it. (D.E. 10.) Both of Plaintiff's arguments are unavailing.

◼ First, because Defendant stipulates to the application of U.S. law in arbitration, the public policy considerations explained in *Thomas* do not prohibit arbitration in the present case. In *Thomas,* the United States Court of Appeal for the Eleventh Circuit held that an arbitration agreement between Carnival Cruise Lines and a Filipino employee was against public policy, and thus null and void, because the agreement's forum selection and choice-of-law provisions " 'operated in tandem' to completely bar [the employee] from relying on ... U.S. statutorily-created causes of action." *Id.* at 1123. The Court of

Appeals reasoned that the Supreme Court has stated that arbitration clauses should be upheld only if U.S. law will be applied or there is a chance U.S. law will be applied and the decision is subject to later review. *See id.* at 1123–24. In this case however, there is no concern that U.S. law will not apply because Defendant has stipulated to Plaintiff's right to apply U.S. law in arbitration with respect to Plaintiff's statutory claims.[4]

◼ Second, Plaintiff has not put forth any credible argument that the arbitration clause is illusory because she cannot afford the costs of arbitration in Bermuda. Plaintiff argues she "could not afford the airfare to get to Bermuda from Poland; could not afford to pay for her lodging expenses in Bermuda; and cannot afford legal representation and the costs and fees of arbitration itself." (D.E. 5.) Initially, the first three items of costs will exist regardless of whether Plaintiff arbitrates in Bermuda or litigates in Miami.[5] As for the remaining item—the costs and fees of

Convention's affirmative defenses are met, a district court must order arbitration if one the four jurisdictional requirements are satisfied. *See id.*

> These four require that (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) the party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*See id.* at n. 7. The Court agrees with Defendant's arguments that the four jurisdictional requirements are satisfied. (D.E. 5.)

4. Indeed, other Courts have declined to apply *Thomas* where the defendant stipulates to the plaintiff's right to apply U.S. law despite choice of law provisions to the contrary. *See Sroica v. Princess Cruise Lines, Ltd,* Case No. 09–20917–Huck (S.D.Fla.). In fact, in *Thom-*

*as,* the Court of Appeals that noted that assurances as to the application of U.S. law in arbitration can protect U.S. statutory rights. 573 F.3d at 1121 ("The[Supreme] Court[, in *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985),] specifically noted that counsel for Mitsubishi conceded at oral argument that American law would apply to the antitrust claims and represented that the claims had been submitted to the arbitration panel on that basis[, and t]hus, U.S. statutory rights, while not being heard by a federal judge, were nonetheless not being ignored or violated but specifically protected.") "[S]o long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute serves its functions." *Green Tree Fin. Corp.–Alabama v. Randolph,* 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (citing *Mitsubishi Motors Corp.,* 473 U.S. at 637, 105 S.Ct. 3346).

5. Indeed, as Defendant notes, Bermuda is closer to Poland than Miami.

arbitration itself—the Court is not convinced that simply stating the costs and fees of arbitration are prohibitive, without more, can operate to defeat an otherwise enforceable arbitration agreement. *See Green Tree Fin. Corp.-.Alabama v. Randolph,* 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) ("To invalidate the agreement on that basis would undermine the liberal federal policy favoring arbitration agreements.")

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 10) is GRANTED. Plaintiff shall arbitrate her claims in Bermuda. Defendant shall stipulate in arbitration to Plaintiff's right to apply U.S. law to Plaintiff's statutory claims.